# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA G. BRYANT, et al., | : | |
|     Plaintiffs | : | Civil Action No. |
| | : | |
| v. | : | |
| | : | |
| WILLIAM VERNOSKI, et al. | : | No. 11-263 |
|     Defendants | : | |

## M E M O R A N D U M

**Stengel, J.**                                                                                                                 **November 4, 2011**

      Linta G. Bryant, Nikita Reid, individually and on behalf of her minor son J.B., and Shawn Reid filed an amended complaint alleging federal and state law claims against William Vernouski,[1] Fred Lamke,[2] and Jane Doe.[3] The claims arise from the shooting death of the Reid family's pet dog during the execution of a bench warrant for Ms. Reid's ex-husband, who no longer lived at the property. On August 30, 2011, Mr. Lamke filed a motion to dismiss the amended complaint.[4] For the reasons set forth below, I will grant the motion.

---

[1] The amended complaint incorrectly referred to the defendant as "William Vernoski."

[2] The amended complaint and Brief in Opposition to Defendant Lamke's Motion to Dismiss incorrectly referred to the defendant as "Fred Lanke."

[3] Linta G. Bryant, Nikita Reid, Shawn Reid, and Ms. Reid's son J.B. filed a complaint on February 7, 2011 against Dauphin County Deputy Sheriff William Vernouski. On May 11, 2011, plaintiffs filed an amended complaint against Deputy Vernouski, Fred Lamke, and Jane Doe.

[4] On May 25, 2011, Deputy Vernouski filed a Motion to Dismiss Plaintiff's Amended Complaint. This motion was granted in part and denied in part in an opinion issued on September 1, 2011.

I.      **Background**

The amended complaint alleges Ms. Bryant owned property at 906 S. 17th Street in Harrisburg, Pennsylvania. Ms. Reid, J.B., and Mr. Reid resided at the property. The Reid family had a pet dog named Bandit.

On May 12, 2009, Deputy Sheriff R. L. Straining and Deputy Vernouski knocked on the door of 906 S. 17th Street. The deputies were there pursuant to a bench warrant for Ms. Reid's ex-husband. The bench warrant listed Ms. Reid's ex-husband's address as the S. 17th Street address, but the amended complaint alleges he had not resided there since 2002.[5] Ms. Reid and J.B. were home and Ms. Reid asked Deputy Straining to wait while she put Bandit into the fenced-in back yard.

While Ms. Reid spoke with Deputy Straining, Deputy Vernouski went to the back of the house. Bandit was at the foot of the backyard steps and barked at Deputy Vernouski when he entered the yard. After twice telling Bandit not to bark, Deputy Vernouski shot Bandit, who was ten feet away. J.B. witnessed the shooting. After Bandit was taken to the veterinarian, he was put down.

Ms. Reid told her co-worker about the incident. Her co-worker emailed Dauphin County Commissioner George Hartwick to advise him of the situation and to request assistance. The co-worker emailed Commissioner Hartwick a second time to inform him that Ms. Reid "decided to pursue further action with a legal professional to help her fight

---

[5] The amended complaint alleges the Dauphin County Domestic Relations records showed Ms. Reid's ex-husband did not reside on S. 17th Street. It also alleges the deputies did not have a warrant to enter the property without the consent of the owner. Deputy Vernouski attached the bench warrant as an exhibit to his motion to dismiss.

the battle." Ms. Reid learned that Mr. Hartwick called "defendant Marsico,"[6] and was expecting a return call from him. Ms. Reid also contacted Harrisburg Police Chief Charles Kellar. Chief Kellar promised to help her, but failed to follow-up.

On June 5, 2009, Ms. Bryant, the owner of the home, was charged with a violation of the dog laws for allowing Bandit to escape and attack Deputy Vernouski. Fred Lamke, a law enforcement officer and plaintiffs' next-door neighbor, was the affiant on the citation. Mr. Lamke had received orders from his supervisor, "Jane Doe," to file a citation against Ms. Bryant. At a June 2009 hearing, the charges against Ms. Bryant were dismissed because Mr. Lamke did not appear to testify.

The amended complaint alleges Mr. Lamke violated plaintiffs' First Amendment rights and is liable, along with Jane Doe, for malicious prosecution pursuant to the Fourth Amendment and Pennsylvania state law. The amended complaint also contains allegations of a conspiracy claim and an intentional infliction of emotional distress claim.

Fred Lamke filed a motion to dismiss the amended complaint, and plaintiffs filed a response.

## II. Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than

---

[6] No defendant has the last name "Marsico," and "Marsico" is not mentioned elsewhere in the amended complaint. According to the website for Dauphin County, Pennsylvania, the Dauphin County District Attorney is Ed Marsico. See Dauphin County Pennsylvania, Publicly Elected Officials, http://www.dauphincounty.org/publicly-elected-officials/district-attorney/ (last visited Aug. 2, 2011).

3

just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks Cnty. Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 564. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Se. Pa. Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

In Fowler, 578 F.3d at 210, the United States Court of Appeals for the Third Circuit provided a two-part test to determine whether a claim survives a motion to

4

dismiss. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11 (quoting Iqbal, 129 S.Ct. at 1949). "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. (quoting Iqbal, 129 S.Ct. at 1950). The plaintiff must show "the allegations of his or her complaints are plausible." Fowler, 578 F.3d at 211 (quoting Phillips, 515 F.3d at 234-35). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. (quoting Iqbal, 129 S.Ct. at 1949). This "'plausibility' determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Fowler, 578 F.3d at 211 (quoting Iqbal, 129 S.Ct. at 1949).

### III. Discussion

  1. Fourth Amendment Malicious Prosecution Claim

To state § 1983 a malicious prosecution claim for violation of the Fourth Amendment[7] the plaintiff must allege: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than

---

[7] The Third Circuit requires a plaintiff to base "a viable Section 1983 action for malicious prosecution . . . on a federal constitutional violation rather than state common law." DiBella v. Borough of Beachwood, 407 F.3d 599, 602 (3d Cir. 2005) (quoting Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 792 (3d Cir. 2000)).

bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3d Cir. 2005) (quoting Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir.2003)). The issuance of a citation and a requirement that the plaintiff appear in court is not a Fourth Amendment seizure. DiBella, 407 F.3d at 603. If there is no pre-trial custody or other "pretrial, non-custodial restrictions," there is no Fourth Amendment seizure. Id.

In DiBella, the Third Circuit found the plaintiffs were not deprived of liberty where they were issued a summons, "but were never arrested[,] . . . never posted bail[,] . . . were free to travel[,] and . . . did not have to report to Pretrial Services." 407 F.3d at 603. The Third Circuit contrasted the plaintiffs' situation to the plaintiff in Gallo v. City of Philadelphia, 161 F.3d 217, 224 (3d Cir. 1998), where the Third Circuit found the "restrictions amounted to a seizure." DiBella, 407 F.3d at 602 (quoting Gallo, 161 F.3d at 222). In Gallo, the plaintiff "was arrested for arson and posted a $10,000 bond[,] . . . was prohibited from traveling outside Pennsylvania and New Jersey, [was] required to contact Pretrial Services on a weekly basis, and [was] required to attend all court hearings including his trial and arraignment." Id.

Ms. Bryant, Ms. Reid, Mr. Reid, and J.B. did not suffer a deprivation of liberty. There was no "seizure due to a legal proceeding." Ms. Reid, Mr. Reid, and J.B had no citations issued against them and were not required to appear in court. A citation was issued against Ms. Bryant and she was required to appear in court, but no additional

6

restrictions impinged on her liberty. Plaintiffs maintain there is an "additional element of restraining their freedom to seek legal recourse for the wrongs committed against them."[8] This is not a restraint on their liberty as contemplated by the Fourth Amendment malicious prosecution law. Therefore, the amended complaint fails to state a Fourth Amendment malicious prosecution claim.

2. <u>State Law Malicious Prosecution Claim</u>

In Pennsylvania, to state a § 1983 malicious prosecution claim, the plaintiff must allege: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice." <u>Merkle v. Upper Dublin Sch. Dist.</u>, 211 F.3d 782, 791 (3d Cir. 2000).

Probable cause for purposes of malicious prosecution actions has been defined as "reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinary prudent man in the same situation in believing that the party is guilty of the offense." <u>Thomas v. E.J. Korvette, Inc.</u>, 476 F.2d 471, 474 (3d Cir. 1973); <u>Mitchell v. Logan</u>, 33 A. 554, 555 (Pa. 1896). The inquiry is an objective one, and "state of mind (except for the facts [known]) is irrelevant to the existence of probable cause." <u>Devenpeck v. Alford</u>, 543 U.S. 146, 153 (2004).

No criminal proceeding was ever initiated against J.B., Ms. Reid, or Mr. Reid; however, the amended complaint does allege that Mr. Lamke filed the citation initiating

---

[8] Plaintiffs argue that every criminal charge made without probable cause for improper purpose carries with it a deprivation of the liberty of an individual, whether physically manifested or not. (Doc. # 45 at 6).

7

the charges against Ms. Bryant.  However, it is undisputed that the only eyewitnesses to the shooting were J.B. and Deputy Vernouski.  Mr. Lamke was not present in the backyard at the time the incident took place.  It is also undisputed that the dog was barking at Deputy Vernouski and that Ms. Reid told the officers to wait while she put the dog out back.  These circumstances could lead a reasonable person to believe that Ms. Bryant violated the law by allowing Bandit to escape through the back door and attack Deputy Vernouski.  Because Mr. Lamke had probable cause to initiate the legal proceedings, I find plaintiffs failed to state a malicious prosecution claim under Pennsylvania state law.

      3.  <u>First Amendment Retaliation Claim</u>

To state "a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." <u>Thomas v. Independence Twp.</u>, 463 F.3d 285, 296 (3d. Cir. 2006) (citing <u>Mitchell v. Horn</u>, 318 F.3d 523, 530 (3d Cir.2003)).  Ms. Bryant, Ms. Reid, J.B., and Mr. Reid allege their First Amendment rights were violated because criminal charges were filed against Ms. Bryant.  Plaintiffs maintain the charges were brought against Ms. Bryant because they sought assistance from public officials and intended to pursue legal action.

The amended complaint fails to state a First Amendment retaliation claim against Mr. Lamke.  The amended complaint does not allege Ms. Bryant engaged in

constitutionally protected conduct. Rather, it alleges Ms. Reid's friend emailed Commissioner Hartwick and Ms. Reid contacted the police department. The Complaint also does not allege that Mr. Lamke was aware plaintiffs raised any concerns following the incident.

Plaintiffs' response maintains their Fourteenth Amendment right of access to the courts and their First Amendment right to petition for redress were violated. "The due process clause of the fourteenth amendment imposes upon state actors an obligation to refrain from preventing individuals from obtaining access to the civil courts." Brown v. Grabowski, 922 F.2d 1097, 1113 (3d Cir. 1990). To state a claim for violation of the First Amendment right to petition for redress, a plaintiff must "demonstrate that a defendant caused 'actual injury' . . . i.e., took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim.'" Roberts v. Mentzer, 382 Fed. App'x 158, 162 (3d Cir. 2010) (quoting Beckerman v. Susquehanna Twp. Police & Admin., 254 Fed.Appx. 149, 153 (3d Cir.2007)).

Although Mr. Lamke was involved in the issuance of the citation, it is unclear how the issuance of a citation interfered with plaintiffs' right to access the court. Cases alleging denial of access to the courts generally relate to one of two categories. Christopher v. Harbury, 536 U.S. 403, 412-13 (2002). The first category of claims alleges "systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." Id. at 413. Examples include cases in which the relief sought was access to a law library, a reader for an illiterate prisoner, or access to a

9

lawyer. <u>Id.</u> The second category of claims alleges the defendants "have caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief . . . ." <u>Id.</u> (internal citations omitted).[9]

The basis of plaintiffs' claim for denial of access to the court is that Mr. Lamke, directed by Jane Doe, issued a citation against Ms. Bryant because he knew plaintiffs were planning to take legal recourse. Even if defendants knew plaintiffs were going to take legal recourse and issued the citation to stop such action, this would not constitute denial of access to the courts.

I will grant Mr. Lamke's motion to dismiss the plaintiffs' First Amendment retaliation claim and their denial of access to the court claim.

## IV.   Conclusion

For the reasons stated above, I will grant Mr. Lamke's motion to dismiss as to all claims raised by Ms. Bryant, Ms. Reid, Mr. Reid, and J.B..

An appropriate order follows.

---

[9] The Supreme Court has noted decisions addressing the right of access to the courts have been grounded in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, the Fourteenth Amendment Equal Protection Clause, and the Fourteenth Amendment Due Process Clause. <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 n.12 (2002).