IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA G. BRYANT, et al., | : | |
| Plaintiffs, | : | Civil Action No. |
| | : | |
| v. | : | |
| | : | |
| WILLIAM VERNOSKI, et al., | : | No. 11-263 |
| Defendants. | : | |

**M E M O R A N D U M**

**Stengel, J.**                                                                                                        **April 4, 2012**

Linta G. Bryant, Nikita Reid, individually and on behalf of her minor son J.B., and Shawn Reid filed a complaint on February 7, 2011, against Dauphin County Deputy Sheriff William Vernouski. On May 11, 2011, plaintiffs filed an amended complaint alleging federal and state law claims against William Vernouski,[1] Fred Lamke,[2] and Jane Doe.[3] This dispute arises over whether plaintiffs should be permitted to amend their complaint to substitute Lanke's supervisor, Mr. Charles Kellar for "Jane Doe" under Rule 15(c). For the reasons set forth below, I will deny the motion.

**I.     Background**

The claims in this case arise from the shooting death of the Reid family's pet dog during the execution of a bench warrant for Ms. Reid's ex-husband, who no longer lived at the property. The complaint asserts 42 U.S.C. § 1983 claims for alleged First, Fourth,

---

[1] The amended complaint incorrectly referred to the defendant as "William Vernoski." I granted in part and denied in part defendant Vernouski's motion to dismiss on September 1, 2011.

[2] I granted Defendant Lamke's Motion to Dismiss on November 4, 2011.

[3] Linta G. Bryant, Nikita Reid, Shawn Reid, and Ms. Reid's son J.B. filed a complaint on February 7, 2011 against Dauphin County Deputy Sheriff William Vernouski. On May 11, 2011, plaintiffs filed an amended complaint against Deputy Vernouski, Fred Lamke, and Jane Doe.

and Fourteenth Amendment violations as well as state law claims.  According to the plaintiffs, Ms. Reid learned "sometime in around July 2008 that Kellar was Lanke's supervisor.  Prior to that time, plaintiff . . . believed . . . that [Lanke's] supervisor was a female, and that he was a state dog law officer." (Mot. to amend. at 1).  In July 2011, Reid learned that Kellar was the supervisor referred to as Jane Doe in the complaint and plaintiffs sought to substitute Kellar for the Jane Doe defendant on September 28, 2011.

## II.    Discussion

Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given, in the absence of circumstances such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party or futility of amendment.  <u>Jablonski v. Pan Am. World Airways, Inc.</u>, 863 F.2d 289, 292 (3d Cir. 1988)(citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).  If the relief sought by the amendment would be barred by the applicable statute of limitations, then the amendment is futile and the motion to amend should be denied.  <u>Id.</u>

The original complaint in this case was filed on February 7, 2011, and the amended complaint, naming Fred Lanke as a party and adding Jane Doe, defendant Lanke's supervisor, was filed on May 11, 2011.  The statute of limitations for the claim expired on May 19, 2011.  When the original complaint includes "Doe" defendants and the plaintiff proposes to replace them, after the statute of limitations has run, with newly named defendants in an amended complaint, the Third Circuit has looked to Federal Rule of Civil Procedure 15(c)(3) in determining whether the amendment relates back to the

initial complaint.[4] <u>Singletary v. Pa. Dept. of Corr.</u>, 266 F.3d 186, 189 (3d Cir. 2001). As such, this claim may proceed only if the amended complaint is deemed to relate back to the original complaint.

Rule 15(c) enumerates three distinct prerequisites for an amendment to relate back to the original complaint: (1) the claims in the amended complaint must arise out of the same occurrences set forth in the original complaint, (2) the party to be brought in by amendment must have received notice of the action within 120 days of its institution, and (3) the party to be brought in by amendment must have known, or should have known, that the action would have been brought against the party but for a mistake concerning its identity.[5] Fed. R. Civ. P. 15(c). Therefore, in order for the amendment to be proper, plaintiffs must show that the supervisor, Charles Kellar, whom she proposes to substitute for "Jane Doe" had notice of the action by May 19, 2011 so that he will not be

---

[4] Fed. R. Civ. P. 15 provides in part:

> (c) Relation Back of Amendments.
>
> An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15 (2003).

[5] The second and third conditions, found in Rule 15(c)(3)(A) & (B) respectively, "must be met 'within the period provided by Rule 4(m) for service of the summons and complaint,' FED. R. CIV. P. 15(c)(3), which is '120 days after the filing of the complaint.'" Id. (quoting FED. R. CIV. P. 4(m)).

prejudiced; and knew by that same date that, but for a mistake, the action should have been brought against him. See Colbert v. City of Phila., 931 F. Supp. 389, 392 (E.D. Pa. 1996).

The burden of proving each of the three conditions rests on the plaintiff. Id.; Garvin, 354 F.3d at 222. Once these requirements are satisfied, Rule 15(c) instructs that the "amendment . . . relates back to the date of the original pleading." Id.; see also Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. Pa. 2006); Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 174-75, 13 V.I. 666 (3d Cir. 1977); 6A Charles Alan Wright et al., Federal Practice and Procedure § 1498 (2d ed. 1990). Of course, "an amended complaint will not relate back if the plaintiff had been aware of the identity of the newly named parties when she filed her original complaint and simply chose not to sue them at that time." Garvin v. City of Philadelphia, 354 F.3d 215, 221-22 (3d Cir. 2003).

Here, there is no dispute that the claims that the plaintiff seeks to assert against Kellar arose out of the occurrences set forth in the Complaint. Thus, this factor is satisfied.

The second condition, requiring notice in order to avoid prejudice, is the heart of the relation back analysis. Schiavone v. Fortune, 477 U.S. 21, 31 (1986)). Notice to the newly named defendants may either be actual or constructive. Singletary, 266 F.3d at 195; Lockwood v. City of Phila., 205 F.R.D. 448, 452 (E. D. Pa. 2002). For example, if an employee with reason to expect his or her potential involvement hears of the lawsuit through informal means, he or she has sufficient notice. See Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 175, 13 V.I. 666 (3d Cir. 1977) (holding that a newly named

4

defendant had adequate notice under Rule 15(c)(3) when, within the relevant period, the defendant happened to see a copy of the complaint naming both the place where he worked and an "unknown employee" as a defendant, which he knew referred to himself). However, the notice must be that the lawsuit has been brought, not simply that the event giving rise to the cause of action occurred.  Lockwood, 205 F.R.D. at 451-52 (citing Singletary, 266 F.3d at 195).  Here, there is no evidence of actual notice.

The Singletary court described two methods from which a newly named defendant may receive constructive notice: (1) the "shared attorney" method,[6] where the newly named defendant and an originally named party are represented by the same counsel; and (2) the "identity of interest" method,[7] where the newly named defendant enjoys some relationship with an originally named defendant strong enough to permit an inference that notice to one effectively provides notice to the other.  Singletary, 266 F.3d at 196-200.

The court in Garvin v. City of Philadelphia, 354 F.3d 215 (3d Cir. 2003), applied the Singletary test to a 42 U.S.C.S. § 1983 action brought against defendant city and John Doe police officers in both their official and individual capacities.  Garvin, 354 F.3d at 215-16.  In that case, plaintiff sought to substitute John Doe for four specifically named

---

[6] Under the "shared attorney" approach, notice will be imputed to the newly named defendant if he or she is represented by the same attorney as an originally named defendant.  Lockwood, 205 F.R.D. at 452.  Under this theory, "notice is based on the notion that, when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action."  Singletary, 266 F.3d at 196.  "The relevant inquiry under this method is whether notice of the institution of this action can be imputed to [the new defendant] within the relevant 120 day period . . ., by virtue of [the shared] representation..." Id.

[7] Under the "identity of interest" approach, the newly named defendants and the original defendant must be "so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the others."  Id. at 197 (citing 6A Charles A. Wright et al., Federal Practice And Procedure § 1499, at 146 (2d ed. 1990)).  "The relevant question for purposes of this inquiry is whether there is a sufficient identity of interest for notice to be imputed."  Lockwood, 205 F.R.D. at 452-53 (citing Singletary, 266 F.3d at 198).

police officers who allegedly were involved in the incident and have that substitution related back to the filing of her initial complaint.  Id.  The court held that there was no reason why plaintiff could not have discovered the name of the arresting officer within the time period required under Fed. R. Civ. P. 15(c)(3) and 4(m).  The court held that the district court did not abuse its discretion in denying plaintiff's motion to amend.  The court also found that the district court correctly held that it could not impute notice under the shared attorney and identity of interest methods to the four police officers.  Id. at 223-27.

Examining the facts of this case, there is simply no evidence of shared representation between any of the original defendants and the newly named defendant, Kellar.  Plaintiffs argue that "counsel for Lanke . . . will likely represent the substituted Doe defendant . . . ."  (Mot. to Amend, 3).  However, the applicable test is not whether new defendant will be represented by the same attorney, but rather whether the new defendant is being represented by the same attorney.  Garvin v. City of Philadelphia, 354 F.3d 215, 223 (3d Cir. Pa. 2003); see also Buchanan v. W. Whiteland Twp., 2008 U.S. Dist. LEXIS 81862, at *5 (E.D. Pa. Oct. 14, 2008) (finding that the fact that defendant most likely will have the same counsel who is currently representing the current defendants is not sufficient to serve as constructive notice within the 120 day period).  Additionally, plaintiffs have failed to show that there was "some communication or relationship" between the shared attorney and the John Doe defendant prior to the expiration of the 120-day period in order to avail herself of the shared attorney method of imputing notice.  See Singletary, 266 F.3d at 196-97; see also Lockwood, 205 F.R.D. at

452 (holding that the individual newly named officers did not have constructive notice of the action based upon the City's representation).

Plaintiffs also argue that the original complaint was sent to the solicitor for the County several months before it was filed , in which Kellar was identified by name, and due diligence in the normal course would have placed him on notice.  This circumstance does not change the fact that plaintiffs have not come forth with evidence that gives rise to the inference that the solicitor or anyone else in the Solicitor's office had any communication or relationship whatsoever with Kellar within the 120-day period so as to justify imputing notice to him.  See Singletary, 266 F.3d at 196-97.

Finally, there is nothing to indicate Kellar knew or should have known that, but for a "mistake" concerning the identity of the proper party, he would have been named in the original complaint.  See Fed. R. Civ. P. 15(c)(3)(B).  Kellar was only briefly referenced in the amended complaint.  Merely being named in the complaint is not sufficient to suggest Kellar knew about the complaint or should know that he was the "Jane Doe" to whom the complaint referred.[8]  Thus, Plaintiffs' allegations that Kellar knew or should have known that he would have been named as a defendant are speculative and without a firm basis.

Furthermore, "a plaintiff's lack of information regarding a particular defendant's identity is considered a "mistake" within the meaning of Rule 15(c)(3)(B).  See Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 175, 13 V.I. 666 (3d Cir. 1977).  However, in

---

[8] See Rowen v. City of Bayonne, 2009 U.S. Dist. LEXIS 44310, at *10 (D.N.J. May 26, 2009) (finding that mentioning the defendant's name in the Complaint and listing the defendant under "Names of Employees alleged to be at fault" in the Notice of Tort Claim filed by Plaintiff's counsel was not enough to show that the defendant actually received notice of the commencement of this action, either formally or informally).

Garvin, the Third Circuit held that "an amended complaint will not relate back if the plaintiff had been aware of the identity of the newly named parties when she filed her original complaint and simply chose not to sue them at that time." Garvin, 354 F.3d 215, 221 (3d Cir. 2003). Although a mistake regarding the newly added defendant's involvement or liability will allow the claim to relate back, "Rule 15(c)(3) was not intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party[.]" Buchanan, 2008 U.S. Dist. LEXIS 81862, at *7 (quoting Mathai v. Catholic Health Initiatives, Inc., 2000 U.S. Dist. LEXIS 16555, 2000 WL 1716747, *3, Civ. A. No. 00-656 (E.D. Pa. Nov. 16, 2000)). Plaintiffs admit that they were aware of Kellar's identity when they filed the amended complaint. (Mot. to amend. at 1). Plaintiffs state that they learned that "Kellar was Lanke's supervisor" around "July 2008," but "did not believe [Kellar] had jurisdiction . . . over these matters." Id. In light of the information that plaintiffs had at the time they filed the amended complaint, the failure to sooner identify supervisor Kellar was at best an oversight. However, even if plaintiffs had diligently sought the information, they cannot satisfy Rule 15(c)'s second or third prong and the claims will not relate back to the original complaint.

**IV.     Conclusion**

The statute of limitations has run and these claims do not relate back to the original Complaint under Rule 15 because the newly named defendant did not have notice of the lawsuit.

An appropriate Order follows.